## FINLEY *v.* MOOSE.

### Opinion delivered February 11, 1905.

1. PROHIBITION—JURISDICTION—CONTESTED FACTS.—If the existence or non-existence of jurisdiction depends on contested facts which the inferior tribunal is competent to inquire into and determine, a prohibition will not be granted; though the superior court may be of opinion that the questions of fact have been wrongly determined by the court below, and that their correct determination would have ousted the jurisdiction. (Page 219.)

2. SAME—PRACTICE.—Where the inferior court had jurisdiction of the subject-matter of the suit, prohibition will not lie to determine the jurisdiction of the person, as that question should be raised on appeal. (Page 220.)

Writ of prohibition to Pope Circuit Court.

Denied.

#### STATEMENT BY THE COURT.

This is an application to this court for a writ of prohibition, seeking to prohibit the judge of the Pope Circuit Court from proceeding with the trial of the case of the State of Arkansas *v.* Waters Pierce Oil Company, pending in that court.

The petition is presented by Andrew M. Finley, as an old stockholder and late president of the Waters Pierce Oil Company, and the Waters Pierce Oil Company, a corporation of Missouri. The petition represents that a complaint was filed in the Pope Circuit Court April 7, 1900, against the Waters Pierce Oil Company, a corporation organized under the laws of Missouri in 1878,

alleging that said corporation since March 6, 1899, had violated the anti-trust act of 1899 in the county of Pope; that on September 17, 1900, service was issued by the circuit court clerk of Pope County, and that the summons was served September 19, 1900, on E. D. Irwin, agent of said corporation; that, prior to the issuance of the summons, E. D. Irwin, the agent, and Andrew M. Finley, its late president, suggested in writing that the Waters Pierce Oil Company, the corporation against which the complaint had been filed, had before that time been duly dissolved under the laws of Missouri, and its affairs wound up; that no business had been done since, and that E. D. Irwin had not been its agent for any purpose since May 31, 1900. The petition alleged that the dissolution of the old corporation had been in good faith, and not for the purpose of evading any law of the State of Arkansas. The petition further showed that on May 29, 1900, another corporation was organized in Missouri with the same name, but different corporators, and that the last corporation on July 5, 1900, filed a certified copy of its articles of incorporation with the Secretary of State for the State of Arkansas, and also filed with him a certificate naming an agent upon whom summons might be served, and obtained from the Secretary of State a license to do business in this State. The petition further disclosed that the plaintiff, the State of Arkansas, in the complaint filed in the Pope Circuit Court, demurred to the suggestions in abatement, and read in evidence an amended complaint, filed November 13, 1900, in which it alleged that the dissolution of the old corporation and formation of the new. was a fraudulent scheme to evade its legal debts and liabilities. The petition further alleged that the circuit court overruled the pleas in abatement, and ordered the defendant Waters Pierce Oil Company to answer the complaint; that thereupon the petitioner herein, the Waters Pierce Oil Company, the new corporation, filed its motion to quash the issuance and service of summons, so far as it affected the new corporation, and entered its appearance only for the purpose of the motion, and suggested that the service of process as to it was void, because the complaint on which it issued was filed before the corporation was in existence. The motion to quash the service was overruled, and the defendant company given until the November term, 1901, of said court to file its answer.

The petitoners set up these facts, and allege that they have no remedy to prevent the Pope Circuit Court from exercising jurisdiction, and compelling the new corporation to answer the complaint filed against the old corporation. They say that no final judgment has been rendered in the Pope Circuit Court from which an appeal will lie, and they ask that a writ of prohibtion be issued to prevent the Pope Circuit Court from taking jurisdiction of the new corporation, and proceeding with said cause.

A temporary writ was issued by this court, and a rule was served on the circuit judge, Hon. W. L. Moose, to show cause why the writ should not be made permanent. To this no response has been made, and the cause is now submitted for decision upon the petition.

*Ashley Cockrill,* for petitioner.

The dissolution of a corporation is brought to the attention of the court upon the suggestion of an old stockholder or preferably the former president. 89 Wis. 297; 11 Oh. St. 516; 5 Enc. Pl. & Pr. 85. Prohibition is the proper remedy. 26 Ark. 51; 33 Ark. 191; 48 Ark. 227; 15 Wash. 200; 20 N. Y. 531; 55 Pac. 985; 15 N. Y. App. Div. 539; 38 Mo. 296; 56 Ark. 539; 61 Ark. 203; 60 N. Y. 31; 4 Rob. 48; 130 Mo. 90; 20 La. Ann. 239; 29 Mich. 100; 74 Hun, 130. The suit was filed against a dead corporation, and the service should be quashed. Waterman, Corp. § 434; 2 Cook, Corp. § 642; 9 Am. & Eng. Enc. Law. 607. Suit would abate at the dissolution of the corporation. 71 Tex. 95; 21 Wall. 614; 8 Pet. 231; Morawetz, Corp. § 1031; 5 Thomp. Corp. § § 6723, 6754. The plea of fraud in the dissolution of the corporation cannot avail. 9 Am. & Eng. Enc. Law, 614; Morawetz, Corp. § 1035; 5 Thomp. Corp. 6730.

*Robert L. Rogers, Attorney General,* for appellee.

WOOD, J., (after stating the facts.) It appears that an issue of fact was presented to the circuit court as to whether the dissolution of the old corporation and the formation of the new was a fraudulent scheme for the purpose of evading the laws of Arkansas. If it was a fraudulent scheme to dodge liability under the anti-trust law of Arkansas, as the amended complaint alleged,

then the circuit court would have jurisdiction; and it had power to determine whether or not such dissolution and reorganization was for the fraudulent purpose of evading the penalties provided by our statute. If the existence or nonexistence of jurisdiction depends on contested facts which the inferior tribunal is competent to inquire into and determine, a prohibition will not be granted; though the superior court should be of opinion that the questions of fact have been wrongly determined by the court below, and, if rightly determined, would have ousted the jurisdiction. Shortt, Prohibition, p. 450.

The court had jurisdiction of the subject-matter; and if not of the person, that question could and should have been raised on appeal, and not by the extraordinary writ of prohibition. Prohibition is only granted when the usual and ordinary forms of remedy are insufficient. High, Ex. Legal Rem. § § 770, 771; *Weaver* v. *Leatherman*, 66 Ark. 211.

The temporary writ is quashed, and the petition is denied.