ARKANSAS DEMOCRAT *v.* MEANS.

4-3870

Opinion delivered May 6, 1935.

*Carmichael & Hendricks,* for petitioner.

HUMPHREYS, J. This is a petition for a writ of prohibition to prevent Henry B. Means, judge of the circuit court of Grant County, from trying the case of Fred Reese as father and next friend of Clarence Reese v. Ida Cashell and the Arkansas Democrat, to recover damages for a personal injury received by Clarance Reese through the alleged negligence of an employee of the Arkansas Democrat.

It is alleged in the petition that both defendants are residents of Pulaski County, and that the summons in the case was served upon Charles Swafford of Sheridan, Grant County, Arkansas, who was not at the time of said service on him, before or since, the agent, representative, servant, or employee of the Arkansas Democrat; that on the 18th day of February, 1935, there was presented to Henry B. Means, judge of the circuit court of Grant

County, Arkansas, by the attorney for the Arkansas Democrat, a petition to quash the service, and for no other purpose; that the court indicated it would be governed solely by the return of the sheriff; that the return showed proper service, and that the said Swafford was the agent of the petitioner, and that he would overrule the motion to quash and would not hear testimony.

This petition is bottomed upon an allegation that the service is insufficient under §§ 1171, 1176, 1177 and 1178 of Crawford & Moses' Digest to give the circuit court of Grant County jurisdiction of the Arkansas Democrat, and, not having obtained jurisdiction over its person, this court should prohibit the trial court from proceeding in the action. The alleged cause of action is for personal injuries to Clarence Reese received through the alleged negligence of an employee of the Arkansas Democrat, which, in its nature, is a transitory action. The trial court having jurisdiction over the subject-matter, it becomes a question of fact for determination by the trial court whether process has been properly served under said sections of the statute upon the Arkansas Democrat. The determination of this question of fact is one for him and can be reviewed by this court in a proper proceeding, but cannot be reviewed on application to this court for a writ of prohibition. It goes without saying that the trial court should hear all competent evidence tending to show whether the summons was served in accordance with law, and that he should hear such evidence when presented to him on a motion to quash the service, but it does not follow that an erroneous finding by him can be corrected by the use of the extraordinary writ of prohibition. This court said in the case of *Findley* v. *Moose,* 74 Ark. 217, 85 S. W. 238, that "if the existence or nonexistence depends on contested facts which the inferior tribunal is competent to inquire into or determine, a prohibition will not be granted, though the superior court should be of opinion that the questions of fact have been wrongfully determined by the court below, and, if rightly determined, would have ousted the jurisdiction." And again in the case of *Order of Railway Conductors of America* v. *Bandy,* 177 Ark. 694, 8 S. W. (2d) 448, said: "Where

the court has jurisdiction over the subject-matter, and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error, and prohibition is not the proper remedy."

The rule of practice adopted in both the cases referred to was approved by this court in the case of *Equitable Life Assurance Society* v. *Mann,* 189 Ark. 751, 75 S. W. (2d) 232.

The writ is therefore denied.

Mr. Justices SMITH, McHANEY and BUTLER, dissent.