KEENAN v. STRAIT, JUDGE.

4-9871                       252 S. W. 2d 76

Opinion delivered October 27, 1952.

Rehearing denied November 24, 1952.

*Reece Caudle,* for petitioner.

*Bob Bailey* and *Bob Bailey, Jr.,* for respondent.

MINOR W. MILLWEE, Justice. Petitioner, Dan Keenan, seeks a writ of prohibition to prevent the Pope Circuit Court from proceeding further in a transitory action filed against him in that court by Fred W. Rogers.

By special appearance, petitioner filed a motion to quash service of process on him in the Pope County action, alleging: (1) that the summons showed on its face that it had not been served as required by law; (2) that the summons was served after the return date thereof; and (3) that the service was obtained through fraud and deceit in that it was attempted to be had before any action was ever filed in Pope County, and that an identical action filed in Yell Circuit Court, Dardanelle District,

on May 14, 1951, in which petitioner was served with summons May 16, 1951, was dismissed by Plaintiff Rogers on the same date that he actually filed the Pope County action, namely, May 18, 1951.

After hearing testimony on the motion to quash, the circuit court overruled it and found: ''Under the evidence heard surrounding the circumstances of the purported service of the summons in Russellville on defendant, as related by the Sheriff, the Court is of the opinion that legal and valid service of summons was had on Dan Keenan.

''Under the provisions of § 27-309, Ark. Stats., 1947, as to return date of summons it is provided: 'The summons shall be made returnable to the first day that the court shall be in session after twenty days after the date of issuance thereof.'

''The complaint was filed on April 10, 1951, and summons issued on the same date, returnable as provided by statute cited above. Circuit Court was in session on April 12, 16, 24, and 27 in Pope County, but no Court was held during May, 1951. The summons was served on May 18, 1951. The 20th day after the date of issuance of summons on April 10, 1951, would have been on April 30, 1951. The return day of summons was fixed under the law to the first day that the court would be in session after twenty days after the date of issuance of the summons. If the Circuit Court had met in session at any time in May, prior to May 18th, then the summons under such circumstances would have been served after the return day and therefore void. But such was not the case.''

Since petitioner has not favored us with an abstract of the testimony taken on the motion to quash, we must assume that the evidence sustains the court's finding as to the validity of the service. This finding is clearly in accord with the provisions of § 27-309, *supra*, as interpreted by this court in *J. H. Hamlen & Son* v. *Allen*, 186 Ark. 1104, 57 S. W. 2d 1046.

Upon the record here presented, it appears that the Pope and Yell Circuit Courts had concurrent jurisdiction

of the subject matter of the transitory cause of action filed against petitioner. When a court has jurisdiction over the subject matter and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error which may be corrected by appeal and prohibition is not the proper remedy. *Sparkman Hardwood Lbr. Co.* v. *Bush,* 189 Ark. 391, 72 S. W. 2d 527; *Arkansas Democrat* v. *Means,* 190 Ark. 948, 82 S. W. 2d 256.

In *Finley* v. *Moose,* 74 Ark. 217, 85 S. W. 238, 109 Am. St. Rep. 74, it was held that, if the existence or non-existence of jurisdiction depends on contested facts which the inferior tribunal is competent to inquire into and determine, a prohibition will not be granted, though the superior court may be of the opinion that the questions of fact have been wrongly determined by the court below, and that their correct determination would have ousted the jurisdiction.

Petitioner argues that Pope Circuit Court was completely ousted of jurisdiction as of the date of the service upon him in the Yell County action. Our statutes (Ark. Stats., §§ 27-1115 and 1119) provide what shall be done in cases where identical causes of action are pending between the same parties in courts of concurrent jurisdiction. In *Kastor* v. *Elliott,* 77 Ark. 148, 91 S. W. 8, Judge BATTLE, speaking for the court, in reference to these statutes, said: ''They provide that when it appears in the complaint that there is another action pending between the same parties for the same cause, the objection may be taken advantage of by demurrer; and if it does not appear in the complaint, it may be taken by answer; and if the objection is not taken by demurrer or answer, the defendant shall be deemed to have waived the same. . . . If the demurrer be overruled, or the plea in the answer be overruled, the defendant has an adequate remedy by appeal. 'But, in the first instance, the court in which the proceeding began has a right to pass on the question, and if it errs its errors can be corrected' by the Supreme Court. The fact that the court may err in deciding the question does not authorize this court to interfere

by writ of prohibition. *State ex rel. Johnson* v. *Withrow*, 108 Mo. 1, 18 S. W. 41."

Since our holding in *Anheuser-Busch, Inc.* v. *Manion*, 193 Ark. 405, 100 S. W. 2d 672, a party does not enter his appearance by appealing to this court where his objection to jurisdiction of the person is properly preserved in the trial court and his remedy by appeal is, therefore, adequate. *Twin City Lines, Inc.* v. *Cummings, Judge*, 212 Ark. 569, 206 S. W. 2d 438.

Since petitioner has an adequate remedy by appeal, the writ of prohibition is denied.