BYRD v. TAYLOR, JUDGE.

5-522                                                          273 S. W. 2d 395

Opinion delivered December 13, 1954.

*Edwin E. Hopson, Jr., Talley & Owen* and *William L. Blair,* for petitioner.

*David Solomon, Jr.,* for respondent.

WARD, J. On March 18, 1954, one R. P. Beith, a resident of Phillips County, filed suit in the Circuit Court of Phillips County against Spence Byrd, the petitioner herein, based on the alleged negligence of Byrd, a resident of Desha County, in connection with an automobile collision in Desha County. Service was had on Byrd in Desha County by M. M. Peel, a regular deputy sheriff of Phillips County, and also a purported deputy sheriff of Desha County.

The summons was issued in regular form, by the Clerk of Phillips County, and was directed to the Sheriff of Desha County. The return of service, shown on the back of the summons, was made in regular form and signed "Robert S. Moore, Sheriff of Desha County by M. M. Peel, D. S." Just below the signature of Peel on the return, the following appears:

"Subscribed and sworn to by M. M. Peel at Helena, Arkansas, this 19th day of March, 1954.

"Helen Meek, Notary Public.

"My Com. Exp. 3-15-56."

On April 26, 1954, Byrd, appearing specially for the purpose, filed a motion to quash the service, and for grounds stated: He is a resident of Desha County; he was handed the purported summons by one M. M. Peel, a deputy sheriff of Phillips County; when the summons was handed to him he was in Desha County; so far as the public records of Desha County reflect Peel is not an officer of that county, and; he therefore was not authorized by law to serve the summons. On the Motion to Quash the trial court heard the testimony of Peel and one E. P. Hickey and considered an affidavit by one J. T. Henley, and overruled the motion.

Byrd now presents to this court his Petition for a Writ prohibiting the respondent, Judge Elmo Taylor, from proceding further in this cause.

Under the above state of the record the Circuit Court of Phillips County had jurisdiction of the subject-matter involved in litigation and since the question of proper service on petitioner involves a determination of facts the Writ of Prohibition will not lie. See *Twin City Lines, Inc.,* v. *Cummings, Judge,* 212 Ark. 569, 206 S. W. 2d 438, and *Kennan* v. *Strait, Judge,* 221 Ark. 83, 252 S. W. 2d 76.

It is obvious from the record that the matter of proper service on petitioner presents a question of fact to the trial court. At the hearing Peel testified that he

was a deputy sheriff of Phillips County. He exhibited in evidence a card showing that he had been appointed a deputy sheriff for the years 1953 and 1954 by Robert I. Moore, Sheriff of Desha County. Printed on the card was the following: "Authority limited to the lawful performance of only such duties as specifically directed to perform." On the card also appeared: "Examined and approved this 1st day of January, 1953, signed by J. L. Erwin, County Judge of Desha County, Arkansas." Peel further testified that he had been a deputy sheriff in Phillips County for about 20 years pursuant to an arrangement made between the sheriffs of Desha and Phillips Counties, as a matter of accommodations, and that he received a new card every two years. The sheriff of Phillips County stated that he had previously been a deputy sheriff of that county for some 17 years and testified to the arrangement referred to above. The affidavit introduced showed that there was no record of Peel's appointment as a deputy sheriff in Desha County. It appears on the face of the summons that it was regularly served by the Sheriff of Desha County by his deputy, and it was necessary therefore to introduce evidence to show otherwise.

After hearing the testimony the trial court found that Peel was at least a *defacto* deputy sheriff. We are not called on at this time to decide whether the trial court was correct in this conclusion. In the case of *Sparkman Hardwood Lumber Company* v. *Bush,* 189 Ark. 391, 72 S. W. 2d 527, the court, at page 395 of the Arkansas Reports, said:

"We have many times held that if the existence, or non-existence of jurisdiction depends on contested facts which the inferior court is competent to inquire into, and determine, a writ of prohibition will not be granted, although the superior court should be of the opinion that the claims of fact had been wrongfully determined by the lower court, and, if rightfully determined, would have ousted the jurisdiction."

To the same effect is the holding in *Robinson* v. *Means, Judge,* 192 Ark. 816, 95 S. W. 2d 98. In that case

where the testimony relative to proper service was uncontradicted, the court made these statements:

"In cases of that kind wherein jurisdiction depends upon the presentation or establishment of certain facts, then that question must be decided by the trial court, and even though he should decide wrong we are not at liberty to correct his error except on appeal. *Finley* v. *Moose*, 74 Ark. 217, 85 S. W. 238.

"We said in *Arkansas Democrat* v. *Means*, 190 Ark. 948, 82 S. W. 2d 256: 'Where the court has jurisdiction over the subject-matter, and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error, and prohibition is not the proper remedy.' "

Petitioner in support of his right to the remedy of prohibition states that he has no other remedy. This assertion seems to be based on the fear that if he preserved his objections to the ruling of the trial court and later attempted to appeal to this court he would then be held to have entered an appearance and so to have waived his right to object to the improper service. To support his position petitioner cites *Order of Railway Conductors of America* v. *Bandy*, 177 Ark. 694, 8 S. W. 2d 448. The rule announced in this decision, however, has been revoked in *Anheuser-Busch, Inc.* v. *Manion*, 193 Ark. 405, 100 S. W. 2d 672, and in the *Keenan* case, *supra.*

Accordingly petitioner's Writ for Prohibition is denied.