LITTLE ROCK DISTRIBUTING COMPANY
*v.* OUACHITA COUNTY CIRCUIT COURT,
Second Division, Melvin Mayfield, Judge

75-177                                          531 S.W. 2d 33

Opinion delivered December 22, 1975

*Barber, McCaskill, Amsler & Jones*, for petitioner.

*Streett & Faulkner, P.A.*, for respondent.

CONLEY BYRD, Justice. At issue in this petition for writ of prohibition is the sufficiency of the service of summons upon petitioner, Little Rock Distributing Company. The trial court denied petitioner's motion to quash the service.

The record shows that a summons was issued from the

Circuit Court of Ouachita County directing the Sheriff of Pulaski County to summons "Little Rock Distributing Company, by serving Warren E. Wood, agent for service for Little Rock Distributing Company." The process deputy did not serve the summons upon Warren E. Wood but instead went to the office of Little Rock Distributing Company and served the same upon one Loneita Shoemaker. The return on the summons, signed by "George Garrett, D.S." stated that the summons had been served by "delivering a copy, and stating the substance thereof, to the within named Little Rock Distributing Company by serving Mrs. Shoemaker V-Pres. at her usual place of employment."

Mrs. Shoemaker testified for the plaintiff. She stated that she earns $180 per week. She types, does data processing, bookkeeping, filing and answers the telephone. She also takes orders on the telephone and occasionally opens the mail. She is not an officer of the corporation. Mr. Leibs, the president of Little Rock Distributing Company, is her boss, and when he is not there, a Mr. Nazari is the one in charge. Mr. Leibs does not notify her when he leaves the office, and she did not know where he was on the day the process was served. When Mr. Leibs leaves town he makes his own travel arrangements. She admitted receiving the summons from the deputy sheriff on September 17, 1974. She said the deputy first tried to hand it to another girl and then told her that one of them had to accept it. Not knowing what to do with the process, which she did not read, she laid it on Mr. Leibs' desk. Subsequently, when she found the paper back on her desk, she filed it in the insurance file. She does not know who put it on her desk. Thereafter, she took it upon herself to ignore the summons. She did not classify herself as an office manager.

Mr. Leibs did not know about the summons until April 14, 1975. At that time he could not state whether he had been in or out of the office on September 17, 1974, when the summons was served. He said Mrs. Shoemaker was only an employee. She was not and had never been an officer or director in the company.

The respondent, to sustain the sufficiency of the service of the summons, relies upon Ark. Stat. Ann. § 27-610 (Repl. 1962), which provides:

"All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of injury, and provided further that in all such actions service of summons may be had upon any party to such action, in addition to other methods now provided by law, by service of summons upon any agent who is a regular employee of such party, and on duty at the time of such service."

In making this argument, however, the respondent concedes that the term "any agent who is a regular employee" contemplates something more than a mere "employee." With this concession we must agree, for the general rule is "that when the Legislature uses words which have received a judicial interpretation, words which have a fixed and well-known legal significance, they are presumed to have been used in that sense," *State* v. *Jones*, 91 Ark. 5, 120 S.W. 154 (1909). In *Parker* v. *Wilson*, 99 Ark. 344, 137 S.W. 926 (1911), we defined agency as follows:

". . . An agency is defined to be 'a contract, either express or implied, by which one of the parties confides to the other the management of some business to be transacted in his name, or on his account, by which that other assumes to do the business, and to render an account of it'."

In 53 Am. Jur. 2d *Master and Servant* §3 (1970), the distinction between an agent and a servant is stated in this language:

"As a general rule, a servant is employed to perform certain acts in a way that is or may be specified, and he may not use his discretion as to the means to accomplish the end for which he is employed. This being so, the service performable by a servant for his employer may be inferior in degree to work done by an agent for his principal."

As can be seen from the foregoing, the issue of whether the summons should be quashed turns upon a question of

fact. In such situations we have consistently held that prohibition will not lie even though this Court "might differ most seriously from the view taken by the trial court." See *Robinson* v. *Means, Judge,* 192 Ark. 816, 95 S.W. 2d 98 (1936). See also *Robinson* v. *Bossinger,* 195 Ark. 445, 112 S.W. 2d 637 (1938), which quashed the service of process on appeal.

For the reasons stated the Writ is denied.

HARRIS, C.J., and FOGLEMAN and JONES, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I would grant the writ because I consider the facts and the evidence to be uncontested and find no substantial evidence that Mrs. Shoemaker is an agent of petitioner in the sense of Ark. Stat. Ann. § 27-610 (Repl. 1962). The rule applied in the cases cited in the majority opinion governs only those cases in which there is a contested question of fact or in which the fact finder may draw different inferences from undisputed evidence. See *Arkansas Democrat* v. *Means, Judge,* 190 Ark. 948, 82 S.W. 2d 856; *Finley* v. *Moose,* 74 Ark. 217, 85 S.W. 238. It seems to me that it should be a different matter in a case such as this and the writ should issue. *Equitable Assurance Soc.* v. *Mann,* 189 Ark. 751, 755 S.W. 2d 232. See also, 73 CJS 118, Prohibition § 37.

I am authorized to state that Chief Justice Harris and Mr. Justice Jones join in this opinion.