STATE OF NEBRASKA, EX REL. GEORGE H. DOWNING, V. WILLIAM L. GREENE, DISTRICT JUDGE.

FILED MAY 6, 1896.  No. 8415.

1. Restraining Order: SUPERSEDEAS. The provisions of section 677 *et seq.* of the Code of Civil Procedure, providing for the execution of a supersedeas bond upon the dissolution of a temporary injunction, have no application to a mere restraining order granted to prevent the commission of an act until a hearing can be had upon an application for a temporary injunction.

2. ——: COUNTY JUDGE. A county judge possesses the power to allow a restraining order pending a hearing of an application for a temporary injunctional order.

3. ——: TIME. A restraining order ceases to be operative on the expiration of the date fixed by its terms.

4. ——: UNDERTAKING. An order granting a temporary injunction does not become effective until an undertaking is executed by the party applying for the writ.

5. ——: ——. A bond given to secure a restraining order will not give effect to a temporary injunction subsequently allowed in the same case. A new bond must be executed on the granting of the latter order.

6. ——: ——. Where a temporary injunction has never been operative, owing to the failure to give the undertaking required by statute, the giving of a supersedeas bond, upon the dismissal of the suit by the court, would not give the order of injunction any validity.

ORIGINAL application for *mandamus* to compel respondent to fix the amount of a supersedeas bond. *Writ denied.*

*Marston & Marston,* for relator.

*W. D. Oldham* and *E. C. Calkins, contra.*

NORVAL, J.

This is an original application for a writ of *mandamus* to compel the respondent, as judge of the twelfth judicial district, to fix the amount of a supersedeas bond to be given by the relator in a cause lately determined in the district court of Buffalo county, wherein the relator was plaintiff and A. F. Lewis and Mary J. Lewis were defendants. The Lewises, on and prior to the 6th day of August, were engaged in the laundry business in the city of Kearney, and on said day they sold said business to the relator, and in the contract covenanted and agreed not to engage therein in said city for and during the ensuing five years. Subsequently the Lewises, in violation of the terms and stipulations of said contract, conducted a laundry business in the city of Kearney, and thereupon relator brought this action in the district court to enjoin them from further prosecuting the same. Application was made to the county judge of Buffalo county for a temporary injunction, who "ordered that said petition stand for hearing before the district court in and for said county October 21, 1895, at 9 o'clock A. M., and that, in the meantime, the said defendants, and each of their employes, agents, or attorneys, be restrained from en-

gaging in and carrying on a laundry business in Kearney, Nebraska, upon the plaintiff's executing an undertaking to the defendants in the sum of $500, conditioned as required by law, said undertaking to be approved by the clerk of the district court of said county." Plaintiff on the same day filed with the clerk of the district court his undertaking, in accordance with said order of the county judge, which bond was duly approved by said clerk. No hearing was had before the district court at the time set by the county judge, owing to the absence from the county of Judge Sinclair, the then judge of the twelfth district. On October 25, 1895, an amended petition was filed in said cause, which was presented to Judge Sinclair, who indorsed thereon the following order:

"Upon reading the foregoing amended petition of the plaintiff, duly verified, it is hereby ordered that an order of this court be issued by the clerk thereof, enjoining and restraining the defendants, and each of them, their agents, employes, and attorneys, as prayed in said amended petition; and it is further ordered that the bond of the plaintiff heretofore filed in said cause, and approved by the clerk of this court, stand in all respects as the bond securing the defendants from all damages which may occur to them by reason of the wrongful issuing of the order herein directed.

"HECTOR M. SINCLAIR,
"*Judge of Twelfth Judicial District, Nebraska.*"

On March 21, 1896, application was made to the respondent, the present judge of the district court of Buffalo county, for a temporary injunction, which application was denied, and the action was dismissed on the ground that the respondent was of the opinion that the contract set out in the petition was in violation of section 1, chapter 91a, of the Compiled Statutes, relating to trusts. Respondent having refused to fix the amount of a supersedeas bond, this proceeding was brought to compel him to do so.

The sole question presented by the record for consideration is whether, under the provisions of section 677 *et seq.* of the Code of Civil Procedure, the relator is entitled to give a supersedeas bond to stay the commission of the acts sought to be restrained by the said suit dismissed by the respondent, pending a review of said cause in this court. The fourth subdivision of said section 677 provides that "when the judgment, decree, or final order dissolves or modifies any order of injunction * * * the supersedeas bond shall be in such reasonable sum as the court, or judge thereof in vacation, shall prescribe, conditioned, * * * and such supersedeas bond shall stay the doing of the act or acts sought to be restrained by the suit, and continue such injunction in force, until the case is heard and finally determined in the supreme court," etc. By this section authority is conferred for the giving of a supersedeas bond when an injunction is dissolved by a final order or decree, or is modified. Section 679 of the Code provides "that in case of the dissolution or modification by any court, or any judge at chambers, of any temporary order of injunction which has been or may hereafter be granted, the court or judge so dissolving or modifying said order of injunction shall at the same time fix a reasonable sum as the amount of a supersedeas bond, which the person or persons applying for said injunction may give, and prevent the doing of the act or acts the commission of which was, or may be sought to be, restrained by the injunction so dissolved or modified." Section 680 designates the time within which such supersedeas bond shall be given, the number of sureties, the officer who shall approve the same, and the conditions of the bond; and the next section provides that the giving of such bond continues the injunction in force until the cause is heard and finally determined. It will be observed that section 679 has provided for a supersedeas bond only in case a temporary order of injunction is dissolved or modified. There is no authority for the giving of such a bond where no

temporary injunction has been allowed. In other words, that the statute does not apply to mere restraining orders. This was expressly decided in *State v. Wakeley*, 28 Neb., 431. In the opinion in that case it was said: "It is very clear that the legislature never intended to give the force and effect to a restraining order which attaches to an injunction when regularly allowed. It simply suspends proceedings until an opportunity can be given for the parties to be heard, and upon that hearing having been had, and a decision rendered upon the application, the whole force of the restraining order ceases by its own limitation. Any other conclusion would do violence to the intention of the legislature."

It remains to be determined whether a temporary injunctional order, or one that was valid, was ever allowed in the case of Downing v. Lewis. Clearly no temporary injunction was granted by the county judge. He merely issued an order restraining the defendants from conducting the laundry business until the application for a temporary injunction could be heard by the district court, or the judge thereof, and fixed a time for such hearing. No such hearing was had at the time designated, and, therefore, the restraining order by its own limitation ceased to have any binding force and effect, and could not be revived and continued in force by the giving of a supersedeas bond.

It is argued that a county judge has no power to grant a restraining order. If this were true, we do not see how it could benefit the relator, since the order granted by the county judge does not by its terms purport to be a temporary order of injunction. If the contention of the relator is well founded, then the order granted by the county judge was void for want of authority to make it. But we are convinced, from a reading of the statute, that a county judge in a proper case may issue a restraining order pending a hearing of an application for a temporary injunction. By section 252 of the Code a temporary injunction may be granted before judgment by the

district court, or any judge thereof, or, in the absence from the county of said judges, by the county judge. Section 253 declares: "If the court or judge deem it proper that the defendant, or any party to the suit, should be heard before granting the injunction, it may direct a reasonable notice to be given to such party to attend for such purpose at a specified time and place, and may in the meantime, restrain such party." Section 254 reads as follows: "An injunction shall not be granted against a party who has answered, unless upon notice; but such party may be restrained until the decision of the application for an injunction." The power conferred upon county judges by section 252 to grant temporary orders of injunction clearly includes the authority to allow restraining orders. The greater embraces the less. If there was any doubt of the existence of such power under said section, it is entirely removed by the provisions of said sections 253 and 254, which authorize the allowance of restraining orders, and it is obvious that said sections apply to county judges as well as to district courts and the judges thereof. To hold otherwise would, indeed, be a narrow construction of the statute, and manifestly opposed to the intention of the lawmakers. The order granted by Judge Sinclair, although purporting to be a temporary injunction, required no bond to be given by the relator, nor was one in fact thereafter executed. This order, therefore, never went into effect, and had no validity whatever. Such is the meaning of sections 255 and 258 of the Code, the latter of which declares that "an injunction binds the party from the time he has notice thereof and the undertaking required by the applicant therefor is executed." Said section 255, in clear and unequivocal language, states that no injunction, unless provided by special statute, shall operate until the bond required by said section has been filed and approved. It is no contempt to disregard a temporary injunction where no bond has been given to carry the order into effect. (*Baker v. Meisch*, 29 Neb.,

227.) Although by the order allowed by Judge Sinclair the bond given under the restraining order was ordered to stand in the place of a new one, such bond did not and could not have the effect to give any validity to his order. ᐧ Not only is there no statute which authorizes a court or judge to make an order dispensing with the giving of a bond in granting a temporary injunction in such a case, or to require that a former bond shall stand, but if the requirements of the legislature mean anything, or are to be observed and enforced, a new bond should have been required of and given by the relator to make the injunction effectual. The temporary injunction allowed by Judge Sinclair having never become operative by reason of the failure to give the undertaking required by statute, nothing could be plainer than that a supersedeas bond, if one were given, could not give the order any validity. The purpose of such a bond is to continue in force a temporary injunction which has been dissolved or modified, until a final determination of the case in the trial court, and pending a review in the appellate court, and not to give life and vitality to an injunctional order which never became effective. The respondent properly declined to fix the amount of a supersedeas bond, and the writ is denied.

WRIT DENIED.