HARAHAN VIADUCT IMPROVEMENT DISTRICT *v.* MARTINEAU.

Opinion delivered November 23, 1926.

INJUNCTION—NECESSITY OF BOND.—Under Crawford & Moses' Dig., § 5801, providing that a "court or judge granting an injunction shall specify an amount for which the party obtaining it shall give security in a bond to the party enjoined, before the injunction shall become effectual," *held* that an order for a temporary injunction not providing for a bond is void, unless made under § 5796, *Id.*

Prohibition to Pulaski Chancery Court; *John E. Martineau,* Chancellor; writ granted.

*M. B. Norfleet, Jr.,* for appellant.

*Grover T. Owens,* for appellee.

WOOD, J.    L. S. McFadden, a property owner and taxpayer in Crittenden County, Arkansas, instituted an action in the chancery court of Pulaski County, for himself and other taxpayers in Crittenden County, against the State Highway Commission and the individual members constituting that commission and the Harahan Viaduct Improvement District and the county judge of Crittenden County, seeking to obtain a permanent injunction to restrain them from letting a contract on the 16th of November, 1926, for the construction of a viaduct in Crittenden County which is a part of a bridge over the Mississippi River, for which the Harahan Viaduct Improvement District was created by act 569 of the Acts of the General Assembly of the State of Arkansas of the year 1923.    The plaintiff alleged various reasons or grounds in his complaint, which we deem it unnecessary to set forth, and concludes his complaint by a prayer for a temporary injunction restraining the defendants from letting a contract on November 16, 1926, and, on final hearing, that the injunction be made perpetual.    On November 15, 1926, the plaintiff applied to Chancellor John E. Martineau of the Pulaski Chancery Court, in vacation, for a temporary restraining order.    The judge issued the following order:

"On this day there is presented to the court the application of L. S. McFadden *et al.,* asking a restrain-

ing order against the above named defendants, enjoining them and their agents from letting a contract on November 16, 1926, for the construction of Harahan viaduct. And the court, being well and sufficiently advised in the premises, doth hereby order and adjudge: That the above-named defendants be and are hereby temporarily enjoined and restrained from proceeding with the letting of the contract as herefore advertised for the construction of the Harahan viaduct.''

On the 16th of November, 1926, the Harahan Viaduct Improvement District, through its board of commissioners, applied to the judges of this court for a writ of prohibition directed against the Hon. John E. Martineau and the chancery court of Pulaski County, to prohibit the enforcement of the temporary restraining order. It is alleged in the petition for the writ of prohibition that the temporary restraining order above set forth was issued without notice to the Harahan Viaduct Improvement Commission, and that no bond had been specified in the order or filed, as required by law, before the temporary injunction should become effective. The petition for writ of prohibition was duly verified by the secretary of the Harahan Viaduct Improvement District Commission. At the hearing before four of the judges of this court, in chambers, the plaintiffs in the original action appearing in person and through their attorney, Grover Owens, and the defendants in the original action appearing in person and through their attorney, M. B. Norfleet, Jr., the cause was heard on the petition and exhibits and the affidavits of witnesses showing that no notice had been served on the chairman or secretary of the Harahan Viaduct Commission of the application for the temporary restraining order, and an affidavit of M. B. Norfleet, Jr., showing that he had applied to the chancellor to recall the temporary restraining order, which the chancellor had denied. It was conceded at the hearing that no bond had been filed with the clerk of the chancery court, and no order had been issued.

Our statute provides as follows: "In every case, the court or judge granting an injunction shall specify in the order therefor an amount for which the party obtaining it shall give security in a bond to the party enjoined, before the injunction shall become effectual, which amount shall be sufficient to cover all the probable damages and costs that may be occasioned by the injunction." Section 5801, C. & M. Digest. Under the above statute, before the injunction order by the court could be issued or become effectual, the court must specify that the party obtaining it shall give a bond to the party enjoined, naming an amount sufficient to cover all possible damages and costs that may be occasioned by the injunction. Compliance with the above statute on the part of the judge of the chancery court was absolutely essential to his jurisdiction to direct the clerk to issue the order and to have the order put into effect. Without compliance with the above statute, any order issued by the clerk would be absolutely void, and disobedience of the order on the part of the defendants could not be held a contempt of the court or of the judge issuing the order. In other words, a compliance with the above statute is essential to the jurisdiction of the chancery court, or judge in vacation, to have the order for a temporary injunction issued and made effectual.

Section 5796 of Crawford & Moses' Digest provides that the court or judge to whom an application for an injunction is made may direct a reasonable notice to be given to the party against whom the injunction is asked, to attend and show cause against it, at a specified time and place, and may, in the meantime, restrain such party. The chancery judge did not proceed under this section of the statute. The issuance of his order to enjoin the letting of the contract on the 16th of November, 1926, was tantamount to a permanent injunction, so far as the letting of the contract on that day is concerned, and therefore § 5801 *supra,* requiring the court's order to specify a bond, was jurisdictional. The chancery court or judge had no jurisdiction to order the issuance and

enforcement of a temporary injunction without complying with the above statute. The Supreme Court of Missouri, in *State* v. *McQuillin,* 260 Mo. 164, 168 S. W. 924, had under consideration the provisions of their Revised Statutes of 1909, § 2522, which is very similar to § 5801 *supra.* In that case the applicants for a writ of prohibition, directed to one of the judges of the circuit court, contended that the judge had no jurisdiction to award a temporary injunction without complying with the provisions of the Missouri statute. The court held as follows: ''The right to grant a temporary or preliminary injunction (as one is called in equity jurisprudence which precedes a final decree) is forbidden by statute 'until' a sufficient bond is executed to the other party, 'except in suits instituted by the State in its own behalf';'' citing the Missouri statute and other Missouri cases, and continuing: ''If such an injunction is issued without bond, it is inoperative, and disobedience to its commands is not a contempt. *Ex parte Miller,* 129 Ala. 130, 30 So. 611, 87 Am. St. Rep. 49; *State ex rel.* v. *Greene,* 48 Neb. 327, 67 N. W. 162; 2 High on Injunctions, § 1429.'' Further on in this opinion the court said: ''In the case in hand, the learned respondent did not issue a stay order to preserve the existing condition of affairs until he could hear the application for the temporary injunction, but he granted the temporary injunction in direct contravention of the terms of the statute making it his duty to require a bond before awarding that writ.''

In *Ex parte Miller,* 129 Ala. 130, 30 So. 612, the Supreme Court of Alabama, passing upon a statute which required the giving of a bond before the writ of injunction became effectual, said: ''Whatever might be the rule, in the absence of statutory regulations on the subject as to the time the writ becomes operative, we apprehend, under our statute, it can never be operative until the injunction bond has been executed. Such an order is conditional in its nature, and there can be no injunction, and consequently no contempt for its violation, until the bond has been given.'' Citing 2 High on Injunctions, § 1429;

1 Beach on Injunctions, § 269; *Winslow* v. *Nayson,* 113 Mass. 411.

If the judge of the chancery court had jurisdiction to order the temporary restraining order without the execution of a bond as required by statute, then, to be sure, such judge would have the power to punish the chancery clerk for failure to issue the order and to punish any one who acted in disobedience of such order. But, as we have seen from the above authorities, no one would be in contempt of court for disobedience of such orders. It therefore follows that the judge is without jurisdiction to have such an order issued and enforced, and that such order is absolutely void. The prayer of the petition for writ of prohibition is therefore granted, and the chancery court of Pulaski County and the judge of the chancery court are hereby prohibited from issuing and enforcing an order for a temporary injunction restraining the petitioners herein from letting the contract on this the 16th day of November, 1926.