MISSISSIPPI RIVER FUEL CORPORATION *v.* YOUNG.

4-3264

Opinion delivered January 15, 1934.

*Harry L. Ponder, Owens & Ehrman* and *John M. Lofton, Jr.,* for appellant.

*W. F. Smith,* for appellee.

MEHAFFY, J. The appellant, Mississippi River Fuel Corporation, owns a pipe line through which it transmits natural gas from the Monroe field in Louisiana, through the State of Arkansas, to St. Louis, Missouri. The line was constructed in 1929.

The appellee, E. E. Young, was a fireman on the Missouri Pacific Railroad, and was going north near Judsonia, Arkansas. The pipes to be used in the construction of the lines were shipped from some point in Pennsylvania to the appellant, at Judsonia, and were being unloaded when one of the heavy pipes fell across the railroad track. Appellee, seeing the pipe, thought there would be a derailment, and, to avoid this danger, jumped from the cab of the engine and was injured.

This suit was brought against the appellant to recover damages for the injury, and appellee alleged that the pipe was being unloaded and thrown across the railroad track by appellant's servants; that it was the negligence of the appellant and its servants that caused his injury.

Appellant denied the allegations in the complaint, and further answered, alleging that it was not engaged in laying the pipe line at the time of the injury of appellee; that it had nothing to do with the unloading or laying of said pipe; that the construction work was being done by an independent contractor; that appellant did not exercise any control or supervision over the unloading of said pipe; that it had contracted with a contractor for the construction of the entire line, and that the contractor, in the performance of said contract, unloaded, hauled and laid said pipe; that the contractors had sublet the loading; and that appellant's servants and agents had no connection with the unloading, and were therefore not liable.

There was a verdict and judgment against appellant for $1,500, and the case is here on appeal.

It is not contended that appellee was guilty of any contributory negligence, and it is not contended that the persons who unloaded and threw said pipe on the track were not guilty of negligence. The only question for our consideration is whether there is sufficient evidence to show that the appellant was responsible for unloading the pipe; in other words, whether the pipe was being unloaded by appellant or by an independent contractor. If the pipe was being unloaded by appellant, it is liable for the injury. If, however, the appellant has shown that the unloading was being done by an independent contractor, over which it had no control, it is not liable. This is the only question in the case.

It is admitted that the appellant owned the pipe and the pipe line; that the pipe was shipped from Pennsylvania to Judsonia, and delivered to appellant there; the receipts for the pipes, which were consigned to appellant and delivered to it were signed by J. G. Reece, by W. H. C.; that W. H. C. was on the ground, and did the signing for the Mississippi River Fuel Corporation, the consignee.

It is contended, however, that the appellant entered into a written contract with Ford, Bacon & Davis, contractors, to do the construction work on the line; that the appellant received the pipe at Judsonia and turned it over to the contractors, who were to be responsible for the unloading, hauling and constructing the line, and that Ford, Bacon & Davis sublet to Williams Bros., and that Williams Bros. sublet the job of stringing the pipe along the right-of-way to the firm of Tibbetts & Tibbetts.

H. B. Lowther testified that Reece was employed by the Mississippi River Fuel Corporation, and the receipts for the pipes were signed "J. G. Reece, by W. H. C." It is, in fact, undisputed that Reece was in the employ of the appellant. Lowther, however, testified that there was no one in the employ of appellant with initials W. H. C. He also testified that the work was under a written contract, and that he had had possession of the contract, but did not have it with him. His testimony was then objected to because it was contended that the

contract, if there was a written one, was the best evidence. In this we agree with the appellee.

The fact being admitted that the appellant was the owner of the pipe line, was having it constructed, that the pipe was shipped to and delivered to it to be used on the pipe line, raises the presumption that the persons engaged in unloading and stringing the pipe were working for the appellant. The appellant, owning the pipe line, shipping the pipe to itself, cannot escape liability without showing that it was having the line constructed in such a manner as to relieve itself of liability for the negligence of the persons doing the work. The burden was upon it to show that the work was being done by an independent contractor.

When the person employed is in the exercise of a distinct and independent employment and not under the immediate supervision and control of the employer, the relation of master and servant does not exist, and the liability of a master for the negligence of the servant does not exist. We recognize the rule that where one person contracts with another to do and perform certain work or labor, and the person for whom the work is done has no control or management thereof, the one who undertakes the work becomes an independent contractor.

When one relies on a written instrument and fails to produce the instrument when called for by the other party, or where objection is made to the testimony introduced as to the contents of the written instrument, and the one relying on such instrument fails to produce it, the presumption is that the production of the instrument would disprove the contentions of the party relying on such instrument.

In this case, the appellant, relying on a written contract to show that the work was being done by an independent contractor, had the burden of proving this, and its failure to produce the written contract raises the presumption that it would not support appellant's contention.

"Where it is apparent that a party has the power to produce evidence of a more explicit, direct and satisfac-

tory character than that which he does introduce and relies on, it may be presumed that, if the more satisfactory evidence had been given, it would have been detrimental to him, and would have laid open deficiencies in, and objections to, his case which the more obscure and uncertain evidence did not disclose. * * * Failure of a party to call an available witness possessing peculiar knowledge concerning facts essential to a party's case, direct or rebutting, or to examine such witness as to the facts covered by his special knowledge, especially if the witness would naturally be favorable to the party's contention, relying instead upon the evidence of witnesses less familiar with the matter, gives rise to an inference that the testimony of such uninterrogated witness would not sustain the contention of the party.'' 22 C. J. 115-116; Wigmore on Evidence, vol. 1 (2d ed.), 584 *et seq.; Lynch* v. *Stephens,* 179 Ark. 118, 14 S. W. (2d) 257.

Appellant here relies on a written contract, making the firm of Ford, Bacon & Davis an independent contractor, which, if true, would be shown by the written contract. Oral testimony as to the terms of the written contract was improper, and the failure of the appellant to introduce in evidence the written contract raises an inference that the contract would not support appellant's contention. Appellant relies solely on the written contract.

The statute provides that, if either party should rely on any deed or other writing, he shall file with his pleading the original deed or writing, if in his power, or a copy thereof. Section 1223, Crawford & Moses' Digest.

''Mere withholding or failure to produce evidence, which, under the circumstances would be expected to be produced, and which is available, gives rise to a presumption less violent than that which attends the fabrication of testimony or the suppression of documents in which other parties have a legal interest; but the courts recognize and act upon the natural inference that the evidence is held back under such circumstances because it would be unfavorable.'' Jones on Evidence, vol. 1, 152; see also notes on page 582 of 34 L. R. A.; *Ramey* v. *Fletcher,* 176 Ark. 196, 2 S. W. (2d) 84.

The evidence proving that the negligent party was the servant of the appellant is not very strong, but, when any party constructing a pipe line or work admits that it owns the pipe line and that it is having it constructed, the presumption is that the persons performing labor in the construction of the work are the servants of the person owning the property, and having the work performed. At any rate, we are unwilling to say as matter of law that the secondary testimony is sufficient to destroy the presumption created by appellant's ownership and possession at the time of the injury. It is quite possible that the only way that proof could be made of the relation of master and servant would be to show that the master was having the work done, and that the servant was doing the work which the master was having done, and this evidence would be sufficient to show the relation, unless the master introduced evidence showing that the work was being done by an independent contractor. The jury could have found under the evidence in this case that the work was being done by an independent contractor. It did not so find, however, but found against this contention of the appellant, and this finding is conclusive here. We find no error, and the judgment is affirmed.