Sparkman Hardwood Lumber Company *v.* Bush.

4-3546

Opinion delivered June 11, 1934.

*Buzbee, Harrison, Buzbee & Wright,* for petitioner.

*J. H. Lookadoo,* for respondent.

Mehaffy, J. W. D. McCann filed suit in the Clark Circuit Court against the Sparkman Hardwood Lumber Company, a corporation created by the laws of this State, and summons was served on W. L. Huie of Arkadelphia, Clark County, Arkansas. The Sparkman Hardwood Lumber Company filed a motion in the Clark Circuit Court to quash summons and service, appearing specially for that purpose and for no other purpose, alleging that it had no place of business in Clark County, Arkansas, and did no business therein, that its chief officer did not live or reside in Arkansas or Clark County, and stated

specifically that W. L. Huie was not its chief officer. A hearing was had upon said motion and the testimony of Eugene E. Fohrell, W. L. Huie and W. D. McCann was introduced. The circuit court overruled the motion to quash. After the motion to quash was overruled, petitioner filed its petition in this court, praying that the summons and service thereof be quashed, and that said circuit court be prohibited from proceeding further therein.

Petitioner's place of business is in Dallas County, Arkansas, and it has no place of business in Clark County and does no business in Clark County. Eugene E. Fohrell, secretary of the petitioner, lives in Dallas County. Edwin Schaff, the president, lives in Missouri, and W. L. Huie, vice president, lives in Arkadelphia, Clark County. The president, Schaff, only visits the place five or six times a year; vice president Huie goes to the place of business every day from his home in Arkadelphia.

Section 1171 of Crawford & Moses' Digest, reads as follows: "An action, other than those in §§ 1164, 1165, against a corporation created by the laws of this State may be brought in the county in which it is situated or has its principal office or place of business, or in which its chief officer resides; but if such corporation is a bank or insurance company, the action may be brought in the county in which there is a branch of the bank or agency of the company, where it arises out of a transaction of such branch or agency."

It is not contended that the petitioner has any place of business in Clark County and service of summons in Clark County would not be proper service unless W. L. Huie is its chief officer. The statute expressly provides that the suit may be brought against a corporation in the county in which its chief officer resides. It is admitted that W. L. Huie resides in Clark County where he was served, therefore the only question before the circuit court was whether W. L. Huie was its chief officer.

Eugene E. Fohrell testified, in substance, that he was secretary of the petitioner, and, in addition to being secretary of the company, he was manager; that it was part

of his duty to see to the entire operation of the company. He resides in Dallas County. Had charge of the clerical details as well as the physical management of the plant. The president of the company, Mr. Edwin Schaff, resided in Missouri and spent five or six days a year in Dallas County. That Mr. Huie was vice president, and there were no other officers of the company. That he was in actual charge of the handling of the business. Mr. Huie resides in Clark County; he spent practically all of his time at the plant, he would drive back and forth from Arkadelphia. He testified that he was the acting manager authorized by resolution of the board of directors. The board of directors gave him authority. He did not have a copy of the resolution; it was not introduced in evidence. He remembered selling some land, and the deed was introduced in evidence. It showed the signature of Sparkman Hardwood Lumber Company by W. L. Huie, vice president. Attest: Eugene E. Fohrell, secretary. There was a resolution introduced showing appointment of Fohrell as agent for service in Arkansas. This resolution was signed by W. L. Huie as vice president and Fohrell as secretary. Witness signed checks, Huie did not. They had sold some timber, and he did not know who signed the instrument. Up to about two years ago, North was vice president and Huie was secretary. Witness and Huie are the only two officers of the company who resided in the State. When North was vice president, he was general manager. Later, Mr. Huie was made vice president but not manager. Huie testified that he was vice president and Fohrell was secretary, and that his general duties were to obey orders. He had charge of the books, but Fohrell performed the duties of general manager. Fohrell had supervision over logging operations and activities of the mill. That he was not Fohrell's boss or superior; he did anything Mr. Fohrell told him to do. He signed the deed as vice president. He also testified that Fohrell was authorized to sign deeds. He did not know whether there was a resolution of the board of directors or not. His testimony and Fohrell's were substantially the same as to their authority. He did not know whether Fohrell ever signed a deed or not

and did not know how many deeds had been made and did not remember whether he signed them all, but said he had authority to do so.

The plaintiff, W. D. McCann, testified in substance: "That Huie was the boss down there, that whatever he said seemed to be the last word; he had been boss for the last seven or eight months. Huie sent lumber to witness at different places, and sent witness to different places to haul logs. If witness wanted to carry lumber to the woods to fix a bridge or wanted to go log hauling or anything, he generally went to Mr. Huie.

The office of the writ of prohibition is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; but it is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for it has no other protection against the wrong that shall be done by such usurpation. When the court has jurisdiction over the subject-matter and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error, and prohibition is not the proper remedy." *Order of Ry. Conductors of America* v. *Bandy,* 177 Ark. 694, 8 S. W. (2d) 448; *Merchants' & Planters' Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. (2d) 421; *Lynch* v. *Stephens,* 179 Ark. 118, 14 S. W. (2d) 257; *Roach* v. *Henry,* 186 Ark. 884, 56 S. W. (2d) 577; *Crowe* v. *Futrell,* 186 Ark. 926, 56 S. W. (2d) 1030.

Witness Fohrell testified that a resolution was adopted by the board of directors prescribing his duties. When one relies on any written instrument and fails to produce the instrument, the presumption is that the production of the instrument would disprove his contentions. The resolution adopted by the board of directors would have settled the question before the court. Petitioner knew this and alleged in his motion to quash that Huie was not the chief officer, but it did not produce the resolution which it had.

"Where it is apparent that a party has the power to produce evidence of a more explicit, direct and satisfactory character than that which he does introduce and

relies on, it may be presumed that, if the more satisfactory evidence had been given, it would have been detrimental to him, and would have laid open deficiencies in, and objections to, his case which the more obscure and uncertain evidence did not disclose. * * * Mere withholding or failure to produce evidence, which, under the circumstances would be expected to be produced, and which is available, gives rise to a presumption less violent than that which attends the fabrication of the testimony or the suppression of documents in which other parties have a legal interest; but the courts recognize and act upon the natural inference that the evidence is held back under such circumstances because it would be unfavorable." *Miss. River Fuel Corp.* v. *Young,* 188 Ark. 575, 67 S. W. (2d) 581; *Ramey* v. *Fletcher,* 176 Ark. 196, 2 S. W. (2d) 84.

We have many times held that if the existence or nonexistence of jurisdiction depends on contested facts which the inferior court is competent to inquire into and determine, a writ of prohibition will not be granted, although the superior court should be of the opinion that the claims of fact had been wrongfully determined by the lower court, and, if rightfully determined, would have ousted the jurisdiction.

In the instant case, as we have already said, whether Huie was the chief officer of the petitioner was a contested question of fact which the lower court had jurisdiction to hear and determine, and we have many times held that the finding of the court on questions of fact will not be disturbed by this court if there is any substantial evidence to support the finding of the lower court. In other words, we do not pass upon the credibility of the witnesses nor the weight to be given their testimony; this is the province of the trial court, and his finding based upon substantial evidence is conclusive here. The writ is therefore denied.