ROY BEHRENS, APPELLEE, V. SMITH BAKING COMPANY ET AL., APPELLANTS.

FILED MARCH 26, 1936. NO. 29562.

*William Niklaus* and *J. E. Mockett,* for appellants.

*John J. Ledwith* and *Max Kier, contra.*

Heard before Goss, C. J., Rose and Day, JJ., and Eldred and Tewell, District Judges.

Day, J.

This is an action against the principal and surety on a bond for the wrongful issuance of a restraining order or a temporary injunction at the commencement of an equity suit. The jury returned a verdict for $240, upon which judgment was entered from which the defendants appeal.

The Smith Baking Company commenced a suit in equity to prevent Roy Behrens, a former employee operating a bread truck upon a route, from operating such a truck on the same route for a competitor. The petition alleges that a restraining order was issued in connection with said suit, which was dissolved at the trial of the case upon its merits. This suit was determined in favor of Behrens. The petition alleges that the plaintiff was damaged on account of loss of time in the sum of $90, and by reason of attorney's fees in the sum of $400. The defendant denies specifically that the petition in equity prayed for a restraining order and denies all other allegations in the petition.

The appellant contends that the trial court erred in submitting the question of plaintiff's damage for loss of time in excess of four days, since the restraining order was operative only from April 26, 1932, to April 30, 1932, and for the services of an attorney because the restraining order was dissolved by its own limitation on April 30, 1932, and not by an effort of an attorney.

An examination of the order issued by the trial court in the former suit reveals that it is the usual form of restraining order; that it fixed a day for the defendant four days thereafter to appear and show cause why a temporary injunction should not be issued; and ordered that the restraining order remain in force and effect until such hearing. On April 30, 1932, the day set for hearing, Behrens filed a motion to dissolve the restraining order. The motion was heard in conjunction with the hearing on the merits of the case on May 7, 1932, and the restraining order was dissolved by decree of the court entered May 19, 1932. It

fairly appears from the record that the parties in the former case facilitated the hearing as much as possible. It appears that the motion to dissolve was heard at the earliest available date for the trial court. The argument of the appellant is untenable that, since the undertaking provided to indemnify the defendant for damages resulting from an injunction and not a restraining order, there was no restraining order. True, the bond given used the word injunction instead of restraining order. No injunction was ever issued, so that upon this theory there was no reason for giving the bond. A restraining order was issued, conditioned upon the giving of such a bond, and the bond in this action was given to secure it. The restraining order was served upon Behrens.

Section 20-1062, Comp. St. 1929, provides: "The 'injunction' provided by this Code is a command to refrain from a particular act. It may be the final judgment in an action or may be allowed as a provisional remedy, and when so allowed it shall be by order. The writ of injunction is abolished." A well-known authority states: "Injunctions have been broadly defined as restraining orders, and more definitely as prohibitory writs restraining a person from committing or doing an act, other than a criminal act, which appears to be against equity or conscience." 14 R. C. L. 305, sec. 2.

In view of our statutory definition above quoted, it would not be a strained conclusion that, where the bond voluntarily delivered to secure the issuance of a restraining order, undertakes to indemnify for damages resulting from the injunction, the term injunction includes restraining order. It would be unthinkable that one giving such a bond could avoid liability by substituting the word injunction instead of restraining order. There is no case cited by appellant which supports such a proposition.

This court has heretofore held that reasonable counsel fees necessary to procuring the dissolution of a restraining order may be recovered in an action on the bond. *Meeske v. Baumann*, 122 Neb. 786, 241 N. W. 550.

Finally, the appellant argues that the restraint could not have been longer than from April 26, 1932, to April 30, 1932. *State v. Greene,* 48 Neb. 327, 67 N. W. 162, is cited, where a county judge, under the statute, in the absence from the county of the district judge issued a restraining order, and it was not heard in the district court on the date set, nor continued. Of course, the restraining order was ended by its own limitations because the county court has only very limited jurisdiction in such a case. But, in the case at bar, it is a fair inference from the record that the matter was heard by agreement of parties at the first opportunity available in the trial court.

In conclusion, liability attaches to one who executes a bond to secure the issuance of a restraining order even though he delivers a bond which uses the word "injunction" instead of the term "restraining order." Under such circumstances, the restraining order is not ineffective because no undertaking has been given. The restraining order did not become ineffectual because of its own limitation, where the case was tried by agreement of parties at the earliest available date. The appellee is entitled to recover damages for loss of time and counsel fees necessary to secure a dissolution of the restraining order.

AFFIRMED.