JEFFERIES *v.* HUTCHINS, CHANCELLOR.

4-4566

Opinion delivered March 29, 1937.

*Samuel Strong Pharr,* for petitioner.

*W. W. Sharp,* for respondent.

SMITH, J. Petitioner, Mrs. Lucile Jefferies, prays the issuance of a writ prohibiting the chancellor of the Monroe chancery court from enjoining the enforcement of a money judgment for $3,325 upon the execution of a bond in the sum of $100 only.

If no other question were presented it might well be said that the case of *Harahan Viaduct Improvement District* v. *Martineau,* 172 Ark. 189, 288 S. W. 10, was controlling. In that case the chancellor issued an injunction without the execution of the bond required by § 5801, Crawford & Moses' Digest. It was there said that this section, requiring the court's order to specify a bond, was jurisdictional and that "The right to grant a temporary or preliminary injunction (as one is called in equity jurisprudence which precedes a final decree) is forbidden by statute 'until' a sufficient bond is executed to the other party, 'except in suits instituted by the state in its own behalf.' " The writ prayed was there awarded for the reason just stated. Compliance with § 5801 was there said to be jurisdictional.

Section 5803, Crawford & Moses' Digest, which is equally mandatory, states the bond to be required upon the issuance of an injunction to stay proceedings upon a judgment or final order for money, the statute providing that "the amount for which security is required shall be sufficient to cover, with other damages, the sum enjoined, with five years' interest thereon."

If it be conceded that the failure to execute such a bond as the statute requires is, in legal effect, a failure to execute bond as required by law to confer jurisdiction, that concession is not decisive of this case. There are other issues involved. Petitioner was not a party to the suit which terminated in the judgment. The complaint praying the injunction recites the history of the litigation, which may be briefly summarized as follows. A decree was rendered in favor of Alvin Goldman to foreclose a mortgage upon a large tract of land given him by a copartnership composed of W. L. Jefferies, Sr., and his sons, S. S. and A. J. Jefferies. The wife of the latter was the plaintiff in the original injunction suit. She alleges an agreement was made with W. L. Jefferies, Jr., a son of the senior member of the partnership, by which the judgment was to be assigned to him, under the terms of which agreement he was to be reimbursed out of the mortgaged property and should look to it alone as security for the money advanced in the payment of

the judgment which he purchased, it being alleged that the mortgaged property was worth much more than the debt which it secured. The property was sold under the decree of foreclosure, and W. L. Jefferies, Jr., became the purchaser, but did not bid the amount of the judgment. His bid was $3,325 less than the judgment, but pursuant to the agreement under which he became the purchaser he made no attempt, during his lifetime, to collect the deficiency.

W. L. Jefferies, Jr., died testate a few years later, leaving a large and very valuable estate. The response of the chancellor to the petition for the writ of prohibition against him makes the will an exhibit thereto. If the petitioner here, who is a sister of the testator, owns or has any interest in this judgment she acquired that interest under the will of her brother. The response of the chancellor contains the following recitals:

"Petitioner herein filed no written pleadings whatever stating her contention with reference to the judgment of Alvin Goldman v. W. L. Jefferies *et al.,* the subject of this controversy, and there is nothing in the petitioner's petition for a writ of prohibition showing how she claims to have acquired title to this judgment, if she did. The record where the judgment is alleged to be recorded has never in any manner been presented to the court in this cause. The complaint filed herein alleges that the petitioner claimed title to the judgment under the will of W. L. Jefferies, and a copy of the will was attached to the complaint. From this your respondent at once concluded that the petitioner did not acquire title to the judgment under this will. For some reason petitioner has omitted from the record the will which was filed as Exhibit 'A' to the complaint of Helen N. Jefferies, and in order that this court may have before it all that was before your respondent at the time the temporary order was made, a certified copy of said will is being attached hereto and made a part hereof.

"Your respondent states that it is his opinion the rights of the petitioner have not in any way been prejudiced or infringed upon by the temporary restraining

order issued herein, and that the petition for a writ of prohibition should be denied."

It may be further said that the order of injunction recites that the defendant might apply "for a cancellation of this injunction at any time by giving the plaintiff three days' notice of the intention to file the application for a cancellation of same." The response of the chancellor further recites that no application for the dissolution of the injunction has ever been made, although an oral motion was made that the bond be strengthened.

It appears, therefore, that petitioner has failed to avail herself of the remedy which she clearly has, of asking the court below to dissolve the injunction. She would have this right even though the order of injunction did not expressly grant it. *Order of Railway Conductors* v. *Bandy,* 177 Ark. 694, 8 S. W. (2d) 448; *Merchants & Planters Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. (2d) 421; *District No. 21, etc.,* v. *Bourland,* 169 Ark. 796, 277 S. W. 546.

Moreover, the chancellor responds that petitioner made no showing that she is entitled to invoke the provisions of §§ 5801 and 5803, Crawford & Moses' Digest, *supra,* by showing her ownership of the judgment. It may be that the will bequeathed the judgment to her, although the court was evidently of the contrary opinion. In this he may be mistaken, but we will not construe a will in an application of this character. The practice to the contrary is quite definitely settled by numerous decisions, several of which are very recent. *Sparkman Hardwood Lbr. Co.* v. *Bush,* 189 Ark. 391, 72 S. W. (2d) 527; *Equitable Life Assurance Society* v. *Mann,* 189 Ark. 751, 75 S. W. (2d) 232; *La Fargue* v. *Waggoner,* 189 Ark. 757, 75 S. W. (2d) 235; *Chapman & Dewey Lbr. Co.* v. *Means,* 191 Ark. 1066, 88 S. W. (2d) 829.

The writ must, therefore, be denied, and it is so ordered.