4-6337                                    147 S. W. 2d 358

Opinion delivered February 10, 1941.

*W. P. Smith* and *H. W. Judkins,* for petitioner.

*S. L. Richardson,* for respondent.

McHANEY, J.   In July, 1939, petitioner filed her suit in the Lawrence chancery court against her husband, Ted Shuman, for separate maintenance for herself and three minor children, suit money and attorneys' fees, which action was resisted by him.   On August 7, 1939, she amended her complaint and, in addition, prayed for a divorce.   On the same date the complaint and amendment were submitted to the court on the testimony of

the parties which resulted in a decree awarding petitioner $65 per month, payable semi-monthly, for the support of herself and children, no action being taken on her prayer for a divorce.

Petitioner thereafter removed to the state of Kansas, taking said children with her, and the payments provided in said decree were regularly made to her there. On November 8, 1940, Mr. Shuman filed in said action a motion to modify said decree of August 7, 1939, by reducing the amount of the award, it being alleged that two of said children were then living with him, and also a cross-complaint in which a divorce from petitioner was sought. Service was had on said motion and cross-complaint by warning order. Prior thereto, on October 28, 1940, there was noted on the judge's Bar Docket by her attorney the following: "Case dismissed in vacation by plaintiff, without prejudice," which was attested by the clerk.

The matter of said motion and cross-complaint came on to be heard by the court on December 20, 1940, due and timely notice thereof having been given petitioner, and the attention of the court being called to the attempted dismissal of the action by her in vacation, an order was entered holding said attempt to be null and void for the reason "that said cause not only had been submitted to the court, but it had been finally determined and a decree had been rendered thereon in plaintiff's favor, and she had been receiving the fruits of said decree since its rendition. . . ." The court sustained its jurisdiction, and on the same day entered a decree reducing the amount awarded petitioner by its decree of August 7, 1939, to $32.50 per month. As to the cross-complaint, the decree provided that: "The court having been advised that the nonresident plaintiff (petitioner) desires a continuance in order that she may contest the action of the cross-complainant, said continuance is hereby granted to January 16, 1941. . . ." This petition for a writ of prohibition was filed in this court January 11, 1941.

We think the writ must be denied. The court had jurisdiction both of the subject-matter and the parties on August 7, 1939, when its original decree was entered awarding maintenance to her and the children, and we agree with the trial court that her attempted dismissal of the action on October 28, 1940, was ineffectual in thereafter depriving the court of jurisdiction. It is contended by petitioner that § 1486 of Pope's Digest, as construed by this court in *Norton* v. *Hutchins, Chancellor,* 196 Ark. 856, 120 S. W. 2d 358, sustains her attempted dismissal of the action and deprived the court of jurisdiction thereafter to hear and determine said motion and cross-complaint. Said section provides that the plaintiff or his attorney may dismiss any suit in any of the courts of this state, except replevin actions in vacation, in the office of the clerk, on payment of accrued costs. In the case cited we held that the plaintiff in that action might dismiss same, before a final judgment or decree was entered, there being no cross-complaint or counterclaim. Here there is an entirely different situation. A final decree had been entered on her complaint, and she had been receiving the benefits of such decree and continued to receive them after her attempted dismissal of the action. Said statute provides that the plaintiff may dismiss any "suit," but it does not provide for the dismissal of a judgment or decree in vacation.

It is further contended that an action for the custody of minor children is an action *in personam,* and that no personal judgment can be rendered against petitioner who is now a nonresident. Two of the children are now living with their father within the jurisdiction of the court. If the court erroneously exercises its jurisdiction, it can only be corrected by appeal. It has many times been held by this court that the writ of prohibition is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for it has no other protection against the wrong that would be done by such usurpation. *Russell* v. *Jacoway,* 33 Ark. 191;

*Sparkman Hardwood Lumber Co.* v. *Bush,* 189 Ark. 391, 72 S. W. 2d 527.

Since, as we have already shown, the court had jurisdiction of the subject-matter and the parties, the petition for the writ will be denied.

It is so ordered.