WARREN, ADMINISTRATRIX, v. HALE.

4-6580

158 S. W. 2d 51

Opinion delivered January 26, 1942.

*John C. Sheffield* and *Henry H. Rightor, Jr.,* for appellant.

*Burke, Moore & Walker,* for appellee.

McHANEY, J.   On February 12, 1941, at about 7:30 p. m., Payton Brown, Ada Hill, Augustus Johnson, Charlie Tucker, John A. Stewart, and number of others, all being colored cotton pickers, were being transported in a truck owned by appellee and cross-appellant, I. L. Crowder, and being driven by his son, David Crowder, also an appellee and cross-appellant, from the Ratio Plantation in Phillips county, where they had been picking, to their homes in Helena.   The Ratio Plantation is owned and operated by the appellee, Mrs. Mary Fathauer who resides in Chicago, Illinois.

The cotton pickers had been transported from Helena to said plantation by Crowder in the morning of said date and they had picked cotton there that day, had been paid by the manager for their labor at the rate of 75 cents per 100 pounds, and were on their way back to Helena, when a collision occurred between the Crowder truck and a truck owned by appellee, J. A. Hale, and driven by Blen Young at or near Crow's Crossing, in which Payton Brown received injuries from which he died, and the other appellants above named were injured.

Appellant, Virgie Lee Warren, was appointed administratrix of Brown's estate, and, on February 25, 1941, she brought an action in her representative capacity against Hale and Young, both Crowders and Mrs. Fathauer to recover damages for pain and suffering for said estate and for the benefit of the next of kin.   In addition to the allegations of negligence in the operation of the two trucks, it was alleged that I. L. Crowder "was employed as the agent of Mary Fathauer to transport Payton Brown and other cotton pickers between Helena, Arkansas, and Ratio Plantation in the truck of said I. L. Crowder at all times hereinafter mentioned"; that David Crowder was employed as the agent of I. L. Crowder and the sub-agent of Mary Fathauer for the same purpose; and that they were all negligent in many respects in the operation and loading of said truck, the details of which

we deem it unnecessary to set out herein. Damages were prayed in a large sum against all defendants. Separate answers of general denial were filed by Hale and Young and by I. L. and David Crowder. Mrs. Fathauer also filed a general denial and also alleged that the Crowder truck was the sole property of I. L. Crowder; that neither of the Crowders was her agent, servant or employee; and that I. L. Crowder was an independent contractor, for whose acts, and those of his servants, she is not liable.

Ada Hill, and the three others above named, brought separate actions against Mrs. Mary Fathauer and J. A. Hale to recover damages for the injuries they received in said collision, but they did not sue either of the Crowders. Each of these plaintiffs alleged that he or she was employed by Mrs. Fathauer, through her agents, under a verbal contract, to pick cotton on her plantation at 75 cents per 100 pounds and to transport him or her from Helena to said plantation and return; that the truck used for such purpose was directed and operated by the agents and employees of Mrs. Fathauer, and other allegations of negligence of the latter similar to those made in the Payton Brown case were made in each case. Like separate answers to each case were filed by Hale and Mrs. Fathauer.

The trial court, on its own motion, consolidated these five cases for trial over the objection of appellant, Virgie Lee Warren, and this forms the basis for her separate and additional argument for a reversal of the judgment hereinafter mentioned.

At the conclusion of the evidence for all the plaintiffs, now appellants, the court, on the motion of Mrs. Fathauer, instructed a verdict for her, over the several and separate objections and exceptions of appellants, and this action forms the basis for the only other argument made for a reversal of the judgment. In the Virgie Lee Warren case, the court submitted to the jury the question of the liability of the Crowders and of Hale and Young. The jury returned a verdict against both Crowders for $200 for the benefit of the Brown estate and $500 for the benefit of the dependent next of kin, and found in favor of Hale and Young.

In the Ada Hill and the other three cases against Hale and Fathauer, the court, having already instructed a verdict for Fathauer, also instructed a verdict for Hale. We do not understand that any of the appellants question the action of the court in instructing a verdict for Hale or the action of the jury in returning a verdict for him and Young in the Warren or Brown case, so they pass out of the litigation, although Hale is still named in the briefs as appellee. The Crowders have appealed from the judgment against them, so we have a direct appeal as to Mrs. Fathauer by the appellants and cross-appeal by the Crowders.

In view of the disposition we make of this case, we think the error assigned and argued by appellant, Warren, as to the consolidation becomes unimportant. While we would not reverse the judgment for this action of the court, we think the consolidation was not the better practice and was ill advised because of the conflicting interests, as demonstrated by the necessarily lengthy statement of those conflicting interests heretofore set out. The better practice would have been to try one case to determine the liability, if any, of Mrs. Fathauer, who is the principal defendant in all the cases, and let the final decision in that case rule all the others.

We think the court erred in directing a verdict for Mrs. Fathauer, in the state of the record here presented. Without detailing the testimony given by each witness for appellants, these facts are testified to by all the witnesses and are undisputed: Crowder owned the truck used to haul the cotton pickers to and from the Ratio Plantation. They paid him exactly nothing for this service. He arranged with the manager of said plantation for them to pick cotton thereon. They were paid by "the white gentleman" at Ratio for the cotton picked each day, the "white gentleman" being sometimes referred to as Mr. Swift, the manager. Crowder remained with them in the field during the day, was furnished a mule to ride about and supervise the picking, procured picking sacks for them, carried in on the mule sacks filled with cotton for them to be weighed, looked after the weighing of their cotton and none of them paid Crowder

anything for his services. The testimony of one of the witnesses is typical of the others, as follows: "Q. Let me ask you this, when you first started picking down there who told you they wanted cotton pickers? A. I asked Crowder was he hauling and he said 'yes' and I says 'who are you hauling for' and he says 'Ratio' and I asked him could I go with him and he told me 'yes.' Q. He said he was hauling for Ratio? A. Yes, sir."

We think this testimony was sufficient to justify an inference by the jury that Crowder was in the employ of Mrs. Fathauer, and that he was rendering a service for her for which she paid him. It is generally held by the courts, including our own, that if the employer claims that an employee is an independent contractor for whose acts he is not responsible, the burden is upon him to show that fact. It was so held in *St. L., I. M. & S. Ry. Co.* v. *Davenport,* 80 Ark. 244, 96 S. W. 994, where it was held, to quote a headnote: "Where a railroad company is sued jointly with its contractor for damage done by the latter in constructing the road, and the evidence shows that the damage was done by those engaged in the construction of the railroad for the company, it devolved upon the company to show that the injury was done by an independent contractor, for whose conduct it was not responsible." See, also, *Mississippi River Fuel Corp.* v. *Young,* 188 Ark. 575, 67 S. W. 2d 581. In *Dishman* v. *Whitney, et al.,* 121 Wash. 157, 209 Pac. 12, 29 A. L. R. 460, it was held that "Where the facts presented are as consistent with the theory of agency as with that of independent contractor, the burden is on the one asserting the independency of the contractor to show the true relation of the parties." Many other cases might be cited to the same effect. See 27 Am. Jur., p. 538, § 59.

So, we conclude that the court erred in directing a verdict for Mrs. Fathauer under the facts as developed in this record. We think the burden, under the proof, as presented, shifted to her to show that Crowder was an independent contractor. If he were, and it may be so determined by the court on a retrial as a question of law, she would then be entitled to be discharged by a peremp-

tory instruction, but, if the proof leaves the question in doubt, it would be one of fact for the jury.

On the cross-appeal of the Crowders, two alleged errors are argued for a reversal of the judgment against them. One is the giving of instruction No. 3 at the request of their co-defendant, J. A. Hale, as follows: "You are instructed that in determining whether or not David Crowder was negligent in the operation of the truck he was driving, it is unlawful to drive a vehicle on the public highways when there are in the front seat such number of persons, exceeding three, as to obstruct the view of the driver to the front or sides of the vehicle so as to interfere with the driver's control over the driving mechanism of the vehicle."

It is not contended that this instruction is an incorrect declaration of law, as embodied in § 6752 of Pope's Digest, but only that there was no testimony offered "upon which a reasonable or legitimate inference could be drawn that the driver's view was obstructed, or that the driving mechanism was interfered with by reason of the fact that there were four persons in the cab of the truck at the time that the accident occurred." It is undisputed that there were four persons in the cab of the truck, including David Crowder—two other men and a woman—and that the woman was sitting in the lamp of one of the men in the cab, which shows a crowded condition in the driver's seat and an obstruction of the driver's view to the right. At least we think the jury were justified in drawing the inference either that his view was obstructed or that the driving mechanism was interfered with, and the instruction was not, therefore, abstract.

The other assignment argued is that the court erred in giving instruction No. 3, requested by appellant, Virgie Lee Warren, on the measure of damages. We do not set it out, as we are of the opinion that, assuming the instruction is erroneous for the reasons assigned, it is not prejudicial. The judgment was for only $200 for the benefit of the estate and $500 for the benefit of the widow and next of kin, and there is no contention or even a suggestion that either amount is excessive.

The judgment against the Crowders is, therefore, affirmed. The judgment in favor of Mrs. Fathauer is reversed, and the cause is remanded for a new trial.