George Alexander Brown v. Adept, Inc., Louise Swetnan, Johnny Myers et al

5-4118                                411 S. W. 2d 868

Opinion delivered February 27, 1967

*Rose, Meek, House, Barron, Nash & Williamson,* for appellant.

*Fred Newth, Jr.,* for appellees.

Carleton Harris, Chief Justice. Appellees, Adept, Incorporated, an Arkansas corporation, Johnny Myers, Louise Swetnan, W. B. McSwain, Ted W. Calva, J. O. Anderson, Joe Calva, J. B. Fowler and Buel C. Worthen, instituted suit against, among others, George Alexander Brown, appellant herein, to restrain him from extracting, pumping, or diverting waters of Old River Lake below the natural water level of the lake. A hearing was conducted on September 9, 1965, for the purpose of determining whether a temporary injunction should be issued during the pendency of the suit. At the conclusion of the hearing, the court orally ordered Brown

to cease pumping water from the lake as long as the water level was 12 inches below the spillway; however, no written order was entered. On July 18, 1966, appellees filed a motion asserting that Brown was pumping water from the lake in violation of the court's order of September 9, 1965, and the court was asked to find appellant in contempt. On July 19, a special Chancellor passed the question of contempt until a subsequent date, but again directed Brown to discontinue the pumping of water from Old River Lake immediately, and further required appellant to perfect a surety bond in the amount of $1,000.00, "guaranteeing this court that the defendant will not pump water from Old River Lake until further orders of this court." A written order was entered. No bond was required of the plaintiffs (appellees) in either instance. Thereafter, on August 4, 1966, a hearing was held before the regular Chancellor on the motion to hold appellant in contempt of court. Since the original order had been made orally, nearly a year before, the Chancellor, stating that he could not remember the exact language used, refused to hold Brown in contempt, but appellant was again enjoined and restrained from pumping, and the court further directed that the surety bond made by Brown be continued in effect. From the order so entered, appellant brings this appeal. For reversal, it is contended that "the court erred in awarding a temporary injunction to appellees without first requiring a bond in an adequate amount, and with sufficient sureties, insuring that appellees would pay to Brown any damages resulting from improper issuance of the temporary injunction."

Chapter 2 of Title 32, Arkansas Statutes, 1962 Replacement, deals with "Proceedings for Injunction." Section 32-206 provides as follows:

"In every case, the court or judge granting an injunction shall specify in the order therefor an amount, for which the party obtaining it shall give security in a bond to the party enjoined, before the injunction shall become effectual; which amount shall be sufficient to

cover all the probable damages and costs that may be occasioned by the injunction. The court or judge may prescribe the effect of the bond, so as to secure to the party enjoined the damages to which he may become entitled, if it is finally decided that the injunction ought not to have been granted.* * *"

Section 32-207 states:

"The order of injunction shall not be issued by the clerk, until the bond mentioned in the last section has been executed in his office by one [1] or more sufficient sureties of the party obtaining the injunction.* * *"

Again, Section 32-212 provides:

"Where notice of the application for an injunction has been given to the party enjoined, it shall not be necessary to serve the order upon him; he is bound by the injunction as soon as the bond required of the adverse party is executed."

In *Harahan Viaduct Improvement District* v. *Martineau,* 172 Ark. 189, 288 S. W. 10, the question here presented was passed upon by this court. We said:

"Our statute provides as follows: 'In every case, the court or judge granting an injunction shall specify in the order therefor an amount for which the party obtaining it shall give security in a bond to the party enjoined, before the injunction shall become effectual, which amount shall be sufficient to cover all the probable damages and costs that may be occasioned by the injunction.' Section 5801, C. & M. Digest[1]. Under the above statute, before the injunction order by the court could be issued or become effectual, the court must specify that the party obtaining it shall give a bond to the party enjoined, naming an amount sufficient to cover all possible damages and costs that may be occasioned by the injunction. Compliance with the above statute on the part of the judge of the chancery court was absolutely essential to his jurisdiction to direct the clerk to issue the order and to have the order put into effect.

[1]This section is identical to Section 32-206.

Without compliance with the above statute, any order issued by the clerk would be absolutely void, and disobedience of the order on the part of the defendants could not be held a contempt of the court or of the judge issuing the order. In other words, a compliance with the above statute is essential to the jurisdiction of the chancery court, or judge in vacation, to have the order for a temporary injunction issued and made effectual.

"* * * The chancery court or judge had no jurisdiction to order the issuance and enforcement of a temporary injunction without complying with the above statute."

Appellees present two arguments, the first being that the statutory requirements for a bond only apply in those cases where a temporary injunction is entered before a hearing. We do not agree with this interpretation for the statutes make no such distinction. The making of the bond by the party obtaining a temporary injunction seems to be mandatory in this type of case, and, of course, the purpose of the bond is to protect the party against whom the injunction is directed, if it develops when the case is heard on its merits that the temporary injunction should not have been granted.

The second contention advanced by appellees is that the injunctions entered actually were not temporary, but rather were permanent, and appellee states that the court is empowered to enter permanent injunctions without requiring a bond from the plaintiff. We agree with this last statement, but we disagree with the statement upon which it is predicated, i. e., that the injunctions granted were permanent. Normally, it would appear that after three hearings, any order entered would be of a permanent nature, but an examination of the record discloses that no hearing involving the merits of the case was ever held. In fact, when discussing the order to be entered on August 4, counsel for appellant asked:

"This is a temporary order pending the hearing on its merits?"

The court replied:

"If it is a temporary order, whatever it may be called, temporary, in between, quasi-permanent, it is an order prohibiting pumping in Old River Lake, reiteration of the July 21, 1966, order of Special Chancellor Louis Rosteck."

It will be noted that every descriptive word used by the court denoted the *temporary* character of the order; the court *never* used the word, "permanent." We hold that, under the authority heretofore cited, the injunction issued was not binding.

Appellant also attacks the validity of the court's order in requiring a bond from appellant to the effect that he would "comply with the terms of the *temporary* (our emphasis) injunction entered on the 21st day of July, 1966."[2] We agree that there is no authority for this action, under the circumstances of this case; enforcement of the court's order (if it had been legally entered) would properly be through contempt proceedings.

Reversed.

---

[2] This quotation from the bond itself is further evidence that the order was only temporary. At the conclusion of the hearing on August 4, the following colloquy took place between the court and counsel:

"Mr. Haley: No bond is required of Plaintiffs?

"The Court: No bond of the Plaintiffs, a one thousand dollar bond in the July 21, 1966, order will be required of the Defendant as Judge Rosteck has required on his hearing. Any other questions.

"Mr. Haley: We previously filed a bond referring to the July 21, 1966, order and if the Court will void the necessity of filing additional bond, if this bond were deemed sufficient and approved for purposes of this subsequent order.

"The Court: The bond was issued covering that very order and *this Court is reiterating and affirming that order* (our emphasis) and this bond is sufficient."